IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JUAN JOSE DE LEON, #1192404 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-561 |
| | § | |
| DOUG DRETKE, Director, Texas Department | § | |
| of Criminal Justice, Correctional Institutions | § | |
| Division. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Juan Jose DeLeon for the issuance of a writ of habeas corpus. DeLeon challenges Disciplinary Case No. 20050176652, which resulted when he tested positive in a random drug test for marijuana use. His punishment consisted of a loss of forty-five days commissary and recreation privileges; a reprimand; temporary suspension of visitation rights; a reduction in time-earning class status from S-3 to L-1; and sixty days lost good time. Although Respondent was ordered only to provide copies of DeLeon's disciplinary records via a *Martinez* report, they responded with a Motion for Summary Judgment, to which Petitioner has filed a Response in Opposition. Having reviewed DeLeon's Petition, relevant summary judgment evidence and DeLeon's Response, this Court makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case, Petitioner alleges that his rights to due process were violated in association with the above-state disciplinary proceeding because prison officials refused to consider contradictory evidence that he introduced during the

1

hearing regarding certain medications which can cause a false positive test result for marijuana. Petitioner also asserts that he was denied effective assistance of counsel during the disciplinary process and was denied the right to appeal the finding of the disciplinary committee.

Petitioner's disciplinary records reflect that on February 24, 2005, Petitioner underwent a random drug testing urinalysis and tested positive for marijuana. A second test was conducted using the same urine sample and that test was also positive for marijuana. The medical department confirmed that Petitioner was not taking any authorized medication that would yield a positive result.

Petitioner filed a Step One appeal, arguing that he was, in fact, taking medication that would cause him to falsely test positive for marijuana use. The response states, "The preponderance of credible evidence presented at your hearing supports the finding of guilt. No valid reason exists to warrant overturning this case." In his Step Two appeal, Petitioner argued that he was wrongly convicted due to the use of an inadequate "drug screen device." The response states that the preponderance of the evidence showed that Petitioner tested positive for marijuana use on two separate occasions and that the medical department confirmed that there was no medical reason that would cause him to test positive.

A temporary loss of commissary and recreation privileges and a brief cessation of visitation privileges do not pose atypical or significant hardships beyond the ordinary incidents of prison life. They merely constitute minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn

good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68.

A loss of good time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not the

actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985).  As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  In other words, if there are "some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).  As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials.  A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

     Contrary to Petitioner's assertion that officials refused to consider the possibility that his medications could have caused a false positive test result, the hearing report and responses to Petitioner's appeal both reflect that the medical department was consulted about Petitioner's concern. On each occasion, the medical department verified that Petitioner was taking no authorized medication that would cause a false positive test result for marijuana use. In addition, Petitioner

received more than twenty-four hours notice of his hearing, was provided with an opportunity to call witnesses and present evidence, and was provided with a written statement of the evidence relied upon and the reason for the disciplinary action.

The disciplinary hearing officer based his finding of guilt on the charging officer's written report and eyewitness testimony. Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). 28 U.S.C. §2254(d) mandates that the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding made the basis of this suit afforded DeLeon the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S.

at 563-66; *Banuelos*, 41 F.3d at 234.  The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that Respondent's Motion for Summary Judgment (Instrument no. 15) **be GRANTED and this case be DISMISSED, with prejudice.**

The Clerk shall send a copy of this Report and Recommendation to the Parties, who shall have until **May 2, 2006,** in which to have written objections physically on file in the Office of the Clerk.  **The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553.**  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this      13th      day of April, 2006.

John R. Froeschner
United States Magistrate Judge